UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN BRAGG,

    Plaintiff,

v

COUNTY OF WAYNE, BENNY N. NAPOLEON, Sheriff of Wayne County, JERIEL D. HEARD, MATTHEW JOHN CZARNECKI, ALAN OLIVER, BRYAN MILANO, and JEFFREY HILL, jointly and severally,

    Defendants.

---------------------------------------------------------
POSNER, POSNER AND POSNER
By: Gerald F. Posner – P 24269
Attorneys for Plaintiff
---------------------------------------------------------

## COMPLAINT AND DEMAND FOR JURY TRIAL

## JURISDICTION

NOW COMES plaintiff, by and through his attorneys, Posner, Posner and Posner, and states that this action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and constitutional provisions.

1

## **VIOLATION OF CIVIL RIGHTS**

NOW COMES plaintiff, by and through his attorneys, Posner, Posner and Posner, and complains against the defendants herein, jointly and severally, in an action for violation of his civil rights, and says:

1. That the plaintiff is a citizen of the State of Michigan and is a resident of Detroit, Michigan, and of this judicial district.

2. That the defendants are citizens of the State of Michigan and are residents of this judicial district.

3. That at all times herein, the defendants were acting in concert and/or combination and/or conspiracy with each other and/or with other persons.

4. That at all times herein, the defendants were acting under color of state law.

5. That at all times herein, the defendants were acting in bad faith.

6. That defendant County of Wayne is a governmental unit and/or entity.

7. That the defendant, Bennie N. Napoleon, who is being sued in his official capacity, is the Sheriff of Wayne County, and the Wayne County Sheriff Department is and was under the complete control, direction and supervision of the Sheriff.

8. That at all times relevant hereto, defendant Sheriff was the person in charge of and responsible for the operation of the Wayne County Sheriff Department, and the hiring, training, retention, and discipline of all sheriff deputies, and all jail personnel, and all policy matters relating thereto.

9. That the defendant, Jeriel D. Heard, who is being sued in his official capacity, is, and at all times relevant hereto was, the Chief of Jails and Courts, Office of the Sheriff of Wayne County, and that the operation of the jails, including the Wayne County Jail, by the Wayne County Sheriff Department is and was under his control, direction and supervision.

10. That at all times relevant hereto, defendant Sheriff and/or Heard was the person in charge of and responsible for the operation of the Wayne County Jail, the custody and safety of the prisoners incarcerated therein, the formulation of policy regarding the operation of the jail, the hiring, training, retention, and discipline of all jail personnel, whatever their titles and duties, and the rules, regulations, practice, custom and/or usage regarding the operation of the jail, and that said jail was under his or their complete control, direction and supervision.

11. That at all times relevant hereto, defendant Sheriff, together with Chief Heard, was the law enforcement arm of the defendant County and the individual who made policy in police matters for the County, and specifically in matters regarding the operation of the Jail, and, both as a matter of fact and a matter of law, the relationship between the County and the Sheriff and the Sheriff's Department is so close as to make the County liable for any and all unconstitutional policy, practice, custom or usage of said Sheriff and Chief which violated the civil and constitutional rights of the plaintiff.

12. That on or about 1-25-10, defendants MATTHEW JOHN CZARNECKI, ALAN OLIVER, BRYAN MILANO, and JEFFREY HILL, each of whom is being sued in his individual capacity, were Deputy Sheriffs employed by the County of Wayne and the Wayne County Sheriff's Department.

13.     That on or about 9-5-08, plaintiff had witnessed defendant Czarnecki beat an inmate, later identified as one Dwayne Griffin-Lowery, at the Wayne County Jail; this incident was later to be the subject matter of a lawsuit, *Griffin-Lowery v County of Wayne, et al,* U.S. District Court No. 11-13751, assigned to Judge Arthur J. Tarnow.

14.     That the inmate, Griffin-Lowery, had fought back in self-defense.

15.     That Czarnecki wrongfully blamed the plaintiff for assisting Griffin-Lowery when in fact plaintiff was in his cell and took no part in the incident between Czarnecki and Lowery.

16.     That Czarnecki wanted to punish plaintiff and get revenge against him.

17.     That in 2009, plaintiff and defendant Czarnecki met at a store in Highland Park, that Czarnecki recognized the plaintiff, that defendant, in his private vehicle, thereafter followed plaintiff's vehicle and threatened him, and then filed a false police report concerning the encounter.

18.     That on or about 1-25-10, plaintiff was incarcerated at the Wayne County Jail, and Czarnecki was at the jail, giving him the opportunity he had been waiting for.

19.     That on or about 1-25-10, while plaintiff was in his cell, and at a time when there was no reason, legal justification or excuse for the use of excessive force upon him, defendants, acting in concert, combination and conspiracy, entered plaintiff's cell, called him down from the upper bunk, surrounded him, and intentionally, wantonly, willfully, maliciously, oppressively and wrongfully beat, struck and assaulted the plaintiff, including repeatedly punching and kicking the plaintiff, including repeatedly kicking him while he was on the ground and defenselesss.

...

20. That said officers used excessive, unreasonable, unnecessary and unconstitutional force when no such force was justified or necessary.

21. Further, that defendant officers had both the duty and the power to prevent or aid in the prevention of the commission of said wrongful acts against the plaintiff, and prevent the violation of his civil and constitutional rights, but neglected or refused to do so.

22. That the unjustifiable and unconstitutional assault upon the plaintiff caused serious and permanent injuries to plaintiff, both physical and mental injuries, and great pain and suffering as hereinafter set forth.

23. That plaintiff had a right to be protected from intentional, wanton, willful, malicious, sadistic, purposeful, deliberate, grossly negligent, recklessly indifferent, deliberately indifferent, and wrongful conduct by the said deputies and governmental/official capacity defendants which conduct resulted in injuries to the plaintiff and in violation of plaintiff's civil rights.

24. Defendants had a duty toward the plaintiff under the United States Constitution and the federal civil rights laws, specifically including 42 USC § 1983, and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, to refrain from acting or failing to act so as to violate plaintiff's civil rights.

25. Each of the defendants breached his duties to the plaintiff and violated plaintiff's civil rights by the acts and omissions and failures to act, as pled herein.

26. That there was a policy, practice, custom and usage of the beating of inmates at the Wayne County Jail by Wayne County Sheriffs.

27. That plaintiff was one of the many victims who were beaten by Wayne County Sheriffs, including the defendants herein, while inmates at the Wayne County Jail.

28. That it was the policy, practice, custom and usage of official capacity defendants Sheriff, County, and Chief, to encourage violations of the civil rights of persons by conduct and inaction which was grossly negligent and/or deliberately indifferent to the civil rights of persons and to constitutional violations by their jail personnel, including deputies and other personnel, and adopting, ratifying, or implementing such policy, practice, custom and usage, which conduct and inaction included, but is not limited to:

   (a) Failure to correct unconstitutional conditions and practices.

   (b) Failure to completely and properly investigate all prior complaints of misconduct against prisoners and/or to take proper disciplinary action against deputies guilty of such misconduct.

   (c) Failure to promulgate and enforce regulations regarding the proper treatment of prisoners and for the intervention by those who witness the mistreatment of persons at the hands of other deputies and have the power to prevent same.

   (d) Failure to take proper disciplinary action against deputies and other personnel who had mistreated prisoners.

   (e) Inadequate, grossly inadequate, or non-existent training and supervision of jail personnel, including deputies, in the handling of and interaction with psychiatric inmates.

   (f) Allowing a pervasive and established pattern of constitutional violations to become a de facto policy by failing to take action against same or to prevent same.

   (g) Failing to give adequate and proper psychological tests to prospective deputies.

(h) Failing to give periodic adequate and proper psychological tests to deputies in order to relieve those found to be psychologically unfit or give them adequate treatment.

(i) Failing to adequately and properly investigate the employment history, background and fitness of persons it hired as deputies.

(j) Failing to promulgate, follow, and enforce regulations concerning checking the employment history, background, and fitness, and psychological fitness of persons being hired as deputies.

(k) Inadequate hiring practices of all jail personnel, as set forth above, and retaining persons even after their negative employment history, conduct, background, and/or fitness for duty was discovered and/or should have been discovered.

(l) Failing to respond promptly, adequately, properly, fully and timely to Freedom of Information requests, as more fully set forth below, and to promulgate, follow and enforce regulations regarding this as set forth below.

29. That the policy, practice, custom and usage of the official capacity defendants Sheriff, County, and Chief, and their conduct and inaction, was a proximate cause of the violation of each plaintiff's civil rights and of the injuries and damages to each plaintiff.

30. That plaintiff had a right to be protected from the wrongful conduct by those defendants which conduct resulted in injuries and damages to the plaintiff.

31. That plaintiff had the following rights, privileges and/or immunities, among others, guaranteed to plaintiff under the United States Constitution and laws of the United States:

(a) the right to due process of law;

(b) the right to be free from bodily harm and injury caused unjustifiably when in the care and custody of defendants;

    (c)    the freedom from cruel and unusual punishment;

    (d)    the freedom from unnecessary suffering and from the unnecessary and wanton infliction of pain;

    (e)    the freedom from illegal and/or unreasonable search and seizure of his person;

    (f)    the freedom from arbitrary and unreasonable interference by law enforcement officers and jail personnel;

    (g)    the freedom from unnecessary force;

    (h)    the freedom to be secure in one's person;

    (i)    the right to equal protection of the laws; and

    (j)    the right to liberty; and

    (k)    the right to meaningful and effective access to the courts.

32. That the policy, practice, custom and usage of defendants Sheriff, County, Chief, and other official capacity defendants and their conduct and inaction, was a proximate cause of the violation of plaintiff's civil rights and of the injuries and damages to the plaintiff.

33. That the plaintiff had a right to be protected from the wrongful conduct by official capacity defendants Sheriff, County, Chief, and by the other defendants, which conduct resulted in injuries and damages to the plaintiff.

34. That by reason of the wrongful conduct by all defendants, plaintiff was deprived of the rights, privileges and/or immunities guaranteed plaintiff by the United States Constitution and laws as set forth above.

35. That the wrongful conduct by defendants constituted a violation of the civil rights of plaintiff and a violation of 42 USC §1983.

36. That the defendants, acting under color of law and right, by said wrongful conduct, deprived plaintiff of the civil rights guaranteed plaintiff by 42 USC §1983 of the laws of the United States in effect at the time of the injuries inflicted upon the plaintiff by said defendants, said statute reading as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, or any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

37. That as a direct and proximate result of said wrongful conduct by said defendants as pled herein, plaintiff sustained serious and permanent injuries to his body and person, including but not limited to injuries to his head, face, eyes, nose, lips, mouth, ears, back, neck, shoulders, ribs, arms, and legs, mental and psychological injuries, and aggravation of any and all pre-existing conditions of same.

38. That plaintiff's injuries are continuing and are permanent in nature.

39. That as a direct and proximate result of said wrongful conduct, plaintiff has suffered, and will in the future continue to suffer, great pain and suffering, mental anguish, fright and shock, disability, embarrassment, humiliation, and denial of social pleasures and enjoyments.

40. That as a direct and proximate result of the intentional, wanton, willful, malicious, and oppressive manner in which said wrongful conduct was committed, plaintiff suffered, and will in the future continue to suffer, additional great mental anguish, embarrassment, outrage, fright and shock, mortification, indignity and humiliation.

41. That as a direct and proximate result of said wrongful conduct, plaintiff was forced to undergo, and will in the future continue to undergo medical treatment and care, was forced, and in the future will continue to be forced, to expend large sums of money and incur bills for hospital and medical treatment, and for medicines, x-rays, testing and drugs.

42. That as a direct and proximate result of said wrongful conduct, plaintiff has suffered, and will in the future continue to suffer, great loss of earnings and/or earning capacity.

43. Furthermore, plaintiff sustained damages consisting of the loss of the value of any cause of action lost as a result of the wrongful conduct of defendants, including the violations of civil rights, as alleged herein.

44. That as a direct and proximate result of said wrongful conduct, plaintiff incurred substantial liabilities for attorney fees.

WHEREFORE, plaintiff asks judgment for compensatory damages as well as exemplary damages in the amount of Two Million ($2,000,000.00) Dollars against all of the defendants, jointly and severally, plus punitive damages against the individual defendants in the amount of Two Million ($2,000,000.00) Dollars, plus actual reasonable attorney fees pursuant to 42 USC § 1988, plus statutory interest, court costs and attorney fees.

**DEMAND IS HEREBY MADE FOR TRIAL BY JURY**

       POSNER, POSNER AND POSNER

       /s/Gerald F. Posner
       By: Gerald F. Posner – P 24269
       Attorneys for Plaintiff
       1400 Penobscot Building
       Detroit, MI 48226
       (313) 965-7784
       Primary email address for Federal ECF only:
       posnerfed@comcast.net