UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN BRAGG,

        Plaintiff,

v.

COUNTY OF WAYNE, ET AL,

        Defendants.
_____/

CASE NO. 13-10261

SENIOR UNITED STATED DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE LAURIE J. MICHELSON

**ORDER GRANTING DEFENDANT MILANO'S MOTION TO SET ASIDE DEFAULT [26], GRANTING DEFENDANT HILL'S MOTION TO SET ASIDE DEFAULT [27], AND GRANTING IN PART AND DENYING IN PART PLAINTIFF BRAGG'S AMENDED MOTION FOR DEFAULT JUDGMENT [25]**

## I. Introduction

Before the Court are Plaintiff Bragg's Amended Motion for Default Judgment [25],[1] Defendant Milano's pro se Motion to Set Aside Default [26], and Defendant Hill's pro se Motion to Set Aside Default [27].

For the reasons stated below, Defendant Milano's Motion to Set Aside Default [26] is GRANTED, Defendant Hill's Motion to Set Aside Default [27] is GRANTED, and Plaintiff Bragg's Amended Motion for Default Judgment [25] is GRANTED IN PART AND DENIED IN PART.

---

[1]Plaintiff Bragg's Amended Motion for Default Judgment [25] corrects a typographical error made in Plaintiff's Motion for Default Judgment [24]. Therefore, the original Motion for Default Judgment [24] is now MOOT.

## II. Background

Plaintiff Bragg filed the initial Complaint [1] in this matter on January 22, 2013. Defendants County of Wayne, Napoleon, and Heard filed an Answer [17] on June 7, 2013. Plaintiff Bragg filed the Amended Motion for Default Judgment [25] now before the Court on October 7, 2013. Plaintiff seeks default judgment as to the remaining four Defendants Czarnecki, Oliver, Milano, and Hill.

Defendants Czarnecki, Oliver, Milano, and Hill were properly served in May 2013. These Defendants failed to plead or otherwise defend themselves in this matter, and the clerk made entries of default as to Defendant Milano [15] on May 29, 2013, as to Defendants Czarnecki [20] and Oliver [21] on June 18, 2013, and as to Defendant Hill [23] on August 13, 2013.

Since the clerk's entries of default judgment, Defendants Czarnecki and Oliver have entered no response to Plaintiff's allegations, including to the Amended Motion for Default Judgment [25] now before the Court.

Defendant Milano filed his Motion to Set Aside Default [26] on November 13, 2013. Defendant Hill filed his Motion to Set Aside Default [27] on November 14, 2013. On December 28, 2013, Plaintiff filed a Response [28] to both Motions to Set Aside Default [26] and [27].

## III. Analysis

*A. Defendants Milano and Hill's Motions to Set Aside Default [26] and [27]*

Under Rule 55(c) of the Federal Rules of Civil Procedure, a "court may set aside an entry of default for good cause." Rule 55 provides a more lenient standard than under Rule 60(b), which grants relief from final judgment. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-839 (6th Cir. 2011). The Sixth Circuit Court has established three factors relevant to determining such "good cause." These factors include: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Krowtoh II LLC v. ExCelsius Int'l Ltd.*, 330 Fed. Appx. 530, 534 (6th Cir. 2009)(quotation marks and citation omitted).

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault*, 663 F.3d at 841 (quotation marks and citations omitted). However, "[d]elay alone is not a sufficient basis for establishing prejudice...Instead, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. Additionally, the relevant inquiry concerns the future prejudice that will result from reopening the judgment..." *Id.* at 842 (quotation marks and citations omitted). "A defense is meritorious if it is good at law...the test is not whether a defense is likely to succeed on the merits; rather, the criterion is merely whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* at 843 (quotation marks and citations omitted).

In his Motion to Set Aside Default [26], Defendant Milano simply asserts that he can provide the Court with good cause for his delay, and then states that he is currently incarcerated. Defendant Milano does not contend that he was improperly served and does not account for the nearly six month delay in his response to Plaintiff's Complaint [1]. As such, Defendant has failed to show that he is not culpable for the delay. Similarly, Defendant Hill's Motion to Set Aside Default [27] asserts that Defendant Hill has been incarcerated since September 17, 2013, and that Plaintiff's Motion for Default Judgment [25] was incorrectly sent to his home address in October 2013. However, Defendant Hill fails to show that he was improperly served with the original Complaint [1], which occurred several months prior to his incarceration.

At the same time, the Court recognizes that Defendants Milano and Hill are representing themselves and are currently incarcerated, making thorough representation more difficult. As the Sixth Circuit Court has noted, the standard under Federal Rule of Civil Procedure Rule 55 is "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $ 22,050.00 United States Currency*, 595 F.3d 318, 322 (6th Cir. 2010).

Defendant Hill also asserts that he has meritorious defenses to Plaintiff's claims, as Hill was found not guilty of the assault of Plaintiff Bragg in the related criminal proceedings. Defendant Hill admits that he was found guilty of conspiracy, filing a false report, and malfeasance in office, but also asserts that he is appealing these convictions.

4

These criminal acts may be sufficient to establish Defendant's liability under Plaintiff's claims. Again however, this question is best resolved on the merits than in an default judgment.

In its Response [28], Plaintiff asserts that setting aside the default judgment would cause prejudice to Plaintiff as it would allow "great opportunities for fraud and collusion, for fraudulent transfers and hiding of assets, as [Defendants] would have additional time to thwart any collection efforts as the case came to a close." However, Plaintiff has not provided any evidence that there is any specific risk of fraud in this matter, and therefore has not shown that Plaintiff is significantly prejudiced by the setting aside of the default as to Defendant Milano or Hill.

Therefore, Defendant Milano's Motion to Set Aside Default [26] is GRANTED and Defendant Hill's Motion to Set Aside Default [27] is also GRANTED.

*B. Plaintiff's Amended Motion for Default Judgment [25]*

Plaintiff's Amended Motion for Default Judgment [25] seeks default judgment against Defendants Milano, Hill, Czarnecki, and Oliver. For the reasons stated above, *see supra* at 3-6, the Motion [25] is DENIED as to Defendants Milano and Hill. However, Defendants Czarnecki and Oliver have made no response to Plaintiff's allegations, neither to Plaintiff's initial Complaint [1] nor to the Motion [25] now before the Court. Therefore, the Motion [25] is GRANTED as to Defendants Czarnecki and Oliver.

Accordingly,

5

**IT IS HEREBY ORDERED** that Defendant Milano's Motion to Set Aside Default [26] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Hill's Motion to Set Aside Default [27] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion for Default Judgment [25] is **DENIED** as to Defendant Milano and Hill, and is **GRANTED** as to Defendants Czarnecki and Oliver.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment [24] is now **MOOT**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

DATED: May 21, 2014

_____

**CERTIFICATE OF SERVICE**

I hereby certify on May 21, 2014 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 21, 2014: **Jeffrey Hill, Bryan Milano.**

s/Michael E. Lang
Case Manager to
District Judge Arthur J. Tarnow
(313) 234-5182